IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-229-R |
| | ) | CIV-23-836-R |
| TYSON CREACH, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Defendant Tyson Creach's[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 32]. Rule 4 of the Rules Governing Section 2255 Proceedings requires a sua sponte review of § 2255 claims and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Having reviewed the motion, the Court concludes that Defendant is not entitled to relief.

Defendant pled guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession of an unregistered firearm – sawed-off shotgun in violation of 26 U.S.C. § 5861(d). Defendant was sentenced to a term of 84 months imprisonment as to each count, with all counts to run concurrently. Doc. No. 28. Defendant did not file an appeal.

---

[1] Because Petitioner is proceeding *pro se*, the Court affords his materials a liberal construction but does not act as his advocate. *Merryfield v. Jordan,* 584 F.3d 923, 924 n.1 (10th Cir. 2009).

Defendant now seeks to vacate his conviction and sentence and raises one ground for relief: his counsel was constitutionally ineffective for allowing him to plead guilty because the Second Amendment protects his right to bear arms and a recent Supreme Court case may have forced the government to dismiss some or all of the charges.[2] To succeed on this claim, Defendant must establish that his counsel's performance was constitutionally deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Defendant cannot prevail under this standard because his alleged Second Amendment defense to the charges is foreclosed by Tenth Circuit precedent.

Although Defendant does not provide a case name or citation, the Supreme Court case he is presumably referring to in his motion is *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which rejected means-end scrutiny for purposes of evaluating firearms restrictions under the Second Amendment. *Bruen* did not, however, abrogate Tenth Circuit precedent upholding the constitutionality of § 922(g) and § 924(d), the two statutes Defendant pled guilty to violating.

In *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), the Tenth Circuit held that § 922(g)'s ban on felon possession of a firearm does not violate the Second

---

[2] Although claims not raised on direct appeal are typically subject to a procedural bar, "[t]he rule in this circuit…is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255." *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995).

Amendment. Very recently, in *Vincent v. Garland*, __ F.4th ___, 2023 WL 5988299 (10th Cir. Sept. 15, 2023), the Tenth Circuit held that *McCane* remains good law despite the "new test for determining the scope of the Second Amendment" announced in *Bruen*. In *United States v. Cox*, 906 F.3d 1170, 1185-86 (10th Cir. 2018), the Tenth Circuit rejected an as applied Second Amendment challenge to § 924(d)'s ban on possession of a short-barreled firearm.³ This holding was primarily based on the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570, 625 (2008), which explicitly recognized that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns." Thus, like *McCane*, *Cox* was not overruled by *Bruen* and remains binding precedent in the Tenth Circuit. *See United States v. Williams*, No. 23-CR-00230-GKF, 2023 WL 6221770, at *4 (N.D. Okla. Sept. 25, 2023) (explaining that "*Cox* is 'broadly consistent' with *Heller* and *Bruen*").

Because the Tenth Circuit has rejected Second Amendment attacks to § 922(g)(1) and § 5861(d), Defendant's claim that his counsel was ineffective for failing to raise this line of argument is meritless. *See Hill*, 474 U.S. at 59 (recognizing that a defendant is typically not prejudiced when his attorney fails to advise him of a defense that would not succeed at trial); *Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining that trial counsel was not ineffective for failing to raise a meritless argument). Accordingly, Defendant is not entitled to relief under § 2255.

---

³ The Tenth Circuit also relied on this statement from *Heller* to reject a Second Amendment challenge to § 924(d) in an unpublished decision. *See United States v. Artez*, 290 F. App'x 203, 208 (10th Cir. 2008).

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 32] is therefore DENIED. Additionally, because the record conclusively shows that the defendant is entitled to no relief, an evidentiary hearing is not warranted. *See* 28 U.S.C. § 2255(b); *United States v. Angelos*, 417 F. App'x 786, 803 (10th Cir. 2011)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds this standard is not met in this case and a COA is therefore denied.

IT IS SO ORDERED this 4th day of October 2023.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE